IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDULLA MOHAMMED KAHN,<br><br>      Petitioner,<br><br>v.<br><br>GEORGE W. BUSH,<br>      President of the United States,<br>      et al.,<br><br>      Respondents. | Civil Action No. 05-CV-1001 (ESH) |

**RESPONDENTS' OPPOSITION TO PETITIONER'S
MOTION FOR FACTUAL RETURN**

    Respondents hereby oppose petitioner's motion for factual return, which requests that the Court order respondents to submit a factual return pertaining to petitioner within 30 days.

**ARGUMENT**

    On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, Tit. X, 119 Stat. 2680, 2739 ("the Act"), became law.  The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants.  Id. § 1005(e)(1), (h)(2).  In light of this and given the new, statutory withdrawal of the Court's jurisdiction, a stay of all proceedings in this case, including with respect to petitioner's requests for relief, is appropriate pending the resolution of the effect of the Act.  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to

order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecomm. Research & Action Ctr. v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).  For these reasons, respondents oppose petitioner's request for relief.

Indeed, our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.[1]  Accordingly, absent further direction from the Court, respondents should not be required to submit a further substantive response to the present request for relief.  Nonetheless, in an abundance of caution regarding this understanding, respondents also oppose petitioner's request for relief for the reasons discussed below.

While petitioner insists that a factual return[2] pertaining to him be submitted, it is indisputable that the resolution of the effect of the Detainee Treatment Act of 2005 and the appeals in Khalid v. Bush, Nos. 04-CV-1142 (RJL), 355 F. Supp.2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, 355 F. Supp.2d 443 (D.D.C. 2005), pet. for interlocutory appeal granted, No. 05-8003 (D.C. Cir. Mar. 10, 2005),[3] will address the

---

[1] The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit with an initial brief by respondents due on January 18, 2006, an opposition by petitioners due on January 25, 2006, and respondents' reply due on February 1, 2006.

[2] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal ("CSRT") that confirmed petitioner's status as an enemy combatant properly subject to detention.  The factual return is separate from briefing on legal issues in the cases.  Factual returns include both classified and unclassified material.

[3] Oral Argument before the D.C. Circuit in these cases was held on September 8, 2005, and, as noted supra note 1, briefing in the Circuit regarding the effect of the Detainee Treatment Act will conclude February 1, 2006.

core jurisdictional and other issues in the Guantanamo detainee habeas cases and, thus, determine how these cases should proceed, if at all. It makes no sense for the government to process and submit a factual return with respect to petitioner when the issue of whether this Court has authority to proceed at all will soon be determined by the Court of Appeals. In any event, even if counsel had access to a factual return, they would not be able to share classified information in the return with petitioner. Thus, there is no reason why counsel need access to a factual return at this time. Moreover, the submission of a factual return, which may ultimately be unnecessary, burdens the government's resources and risks the inadvertent disclosure of classified information. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking. Thus, respondents face an immense logistical burden to process and submit the returns, especially on the short, simultaneous schedules being requested by petitioners in the various cases. Further, submission of these returns vastly expands access to classified information contained in the returns, thereby increasing the risks of inadvertent or other disclosure or compromise of the information. These burdens and risks, however, could be rendered completely unnecessary, depending on the outcome of the issues being raised with respect to the Detainee Treatment Act or otherwise involved in the appeals. Cf. Order Den. Mot. for Recons. of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 482 (staying cases so as to avoid expenditure of

"substantial resources" and imposition of "significant burdens" that might not be necessary depending on outcome of appeal).

Petitioner's dismissive treatment of the needless expenditure of judicial and litigation resources that would result from submission of factual returns, ignores the cascade effect that would follow from requiring the submission of a factual return in this case. Presently, there are more than 190 habeas cases pending on behalf of more than 300 detainees at Guantanamo Bay. A decision to allow submission of a factual return to go forward pending the resolution of the effect of the Detainee Treatment Act or appeals could precipitate a chain reaction -- the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow access to factual returns in those cases, perhaps even by lifting or modifying stays that have already been entered, as petitioner seeks to do here. Indeed, the decision to require production of a factual return would likely need to be revisited or relitigated, and may be shown to have been altogether improper or unnecessary, once the effect of the Detainee Treatment Act is determined or the Court of Appeals otherwise provides guidance regarding handling of the habeas claims of Guantanamo Bay detainees such as petitioner. Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this Court should hold the submission of a factual return in abeyance pending the determination of the effect of the Act or outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.[4]

---

[4] Though the submission of a factual return should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary. For example, a schedule allowing for the production of a factual return in this case within 120 days would be appropriate, if returns are ordered, and ordering a shorter period would be burdensome. See, e.g., Order (dkt. no. 21), Al-Anazi v. Bush, No. 05-CV-0345 (JDB) (D.D.C. Apr. 21, 2005) (imposing 120-day schedule to provide factual return); Order (dkt. no. 12), Battayav v. Bush, No. 05-CV-0714 (RBW) (D.D.C. May 19, 2005) (requiring a 120-day schedule). The Court should not order the production of a factual return for petitioner in this case, and in no event should the Court require a return to be produced sooner than 120 days from the date of any such order.

## **CONCLUSION**

For the reasons stated, the Court should deny petitioner's request for factual return.

Dated: January 19, 2006                          Respectfully submitted,


PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel


   /s/ Marc A. Perez
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ROBERT J. KATERBERG
EDWARD H. WHITE
JAMES J. SCHWARTZ
PREEYA M. NORONHA
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
MARC A. PEREZ (WA State Bar No. 33907)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4505
Fax:  (202) 616-8202

Attorneys for Respondents