UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDULLA MOHAMMED KAHN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-1001 (ESH) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On January 6, 2006, counsel for Abdulla Mohammed Kahn -- a detainee of unknown citizenship at the United States Naval Station in Guantanamo Bay, Cuba who has challenged the lawfulness of his confinement through the filing of a petition for writ of habeas corpus -- requested an order requiring respondents to provide a factual return setting forth the basis for his detention. In light of the December 30, 2005 passage of the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, § 1005(e), 119 Stat. 2680, 2742, the Court held petitioner's motion in abeyance. For the reasons stated by the Court in *Al-Ghizzawi v. Bush*, Civil No. 05-2378 (D.D.C. Aug. 9, 2006) (Mem. Op. and Order), the Court now grants the motion.

In *Hamdan v. Rumsfeld*, 126 S. Ct. 2749 (2006), the Supreme Court determined that Section 1005(e)(1) of the DTA did not divest federal courts of jurisdiction over detainee habeas actions pending at the time of the statute's enactment. *Id.* at 2769. The Court expressed "no view[,]" however, on the impact of the statute's exclusive review provisions on "habeas cases that were pending in the lower courts at the time the DTA was enacted" but "qualif[ied] as

challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3)[.]" *Id.* at 2769 n.14.  While respondents have taken the position that the present case is one within the review authority of the D.C. Circuit, *see Kahn v. Bush*, Civil No. 05-1001 (D.D.C. Jul. 7, 2006) (respondents' notice), this is simply an inadequate justification to further delay the relief sought by petitioner, which this Court has previously ordered to "ensure that . . . proceedings can continue in an orderly fashion[,]" *see Mamet v. Bush*, Civil No. 05-1602 (D.D.C. Sep. 30, 2005) (Order); *see also M.C. v. Bush*, Civil No. 05-0430 (D.D.C. Apr. 13, 2005) (Order); *Kurnaz v. Bush*, Civil No. 04-1135 (D.D.C. Apr. 12, 2005) (Order); *Ameziane v. Bush*, Civil No. 05-0392 (D.D.C. Apr. 12, 2005) (Order), and will obviously be needed regardless of the resolution of the jurisdictional question respondents now pose.  Without access to the information contained within a factual return, petitioner's counsel cannot offer anything approaching effective representation in these proceedings.  And as explained by Judge Bates, a determination of the nature of petitioner's challenge -- and, accordingly, the proper tribunal for its resolution -- may itself require the information so far withheld by respondents.  *See Al-Ghizzawi*, Civil No. 05-2378 (D.D.C. Aug. 9, 2006) (Mem. Op. and Order).  As respondents have acknowledged before Judge Bates that production of the requested records would be appropriate in review proceedings before the Court of Appeals, *see id.* ("[R]espondents have indicated that they 'do not anticipate objecting to production of petitioners' CSRT records for review in Court of Appeals' proceedings pursuant to section 1005(e)(2).'"), there appears no reason for continued delay.

Accordingly, it is hereby **ORDERED** that Petitioner's Motion for Factual Returns [14] is **GRANTED** and respondents shall provide a factual return relating to the determination of the CSRT to petitioner's counsel and the Court within 60 days of the date of this Order.

**SO ORDERED**.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 10, 2006